UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM C. PERKINS, JR., an individual,

          Plaintiff,

vs.                            Case No. 3:06-cv-486-J-33MCR

THE CITY OF JACKSONVILLE BEACH, a Florida municipal corporation, et al.,

          Defendants.
_____/

**ORDER**

    This cause comes before the Court pursuant to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 13), filed on December 22, 2006.  Perkins filed a response on January 29, 2007.  (Doc. # 17.)  For the reasons that follow, Defendants' motion is due to be denied.

**I. Background**

    This case arises out of Perkins' detention by Jacksonville Beach police officers on May 27, 2002.  According to the complaint, Perkins is a Type II diabetic.  (Doc. # 12, at 4.)  On May 27, 2002, he was involved in an automobile accident.  (Doc. # 12, at 4.)  When police arrived, Perkins was experiencing excessively low blood sugar and remained in his vehicle, unresponsive, with his hands on the steering wheel.  (Doc. # 12, at 4.)  Perkins complains that the police officers reached into his vehicle and struck him

1

with their fists and riot batons. (Doc. # 12, at 4.) The officers then removed Perkins from his vehicle and continued to use force against him. (Doc. # 12, at 4–5.)

A little over a year after this episode, Perkins "presented [a claim based on his detention] in writing to the appropriate agency(s) within the prescribed time period and to the Florida Department of Insurance (Financial Services) pursuant to [section] 768.28, Florida Statutes."[1] (Doc. # 12, at 6.) Perkins states that he "complied with all conditions precedent _prior_ to filing suit . . . ." (Doc. # 12, at 6.) By filing a complaint on May 26, 2006, Perkins initiated this litigation. Perkins filed an amended complaint on November 2, 2006, and he filed a second amended complaint on December 15, 2006.[2]

---

[1]Perkins alleges that "a true and correct copy of same" is attached to his complaint as Exhibit A. (Doc. # 12, at 6.) Exhibit A contains six Postal Service Domestic Return Receipts. These show that packages were received by the following five entities in June 2003: (1) The Jacksonville Beach Police Department; (2) The City of Jacksonville Beach, City Manager; (3) The Mayor of the City of Jacksonville Beach; (4) The Mayor of the City of Jacksonville; and (5) The General Counsel of the City of Jacksonville. The sixth Domestic Return Receipt shows that a package was received by the Florida Department of Financial Services, though apparently addressed to the Florida Department of Insurance. This last Domestic Return Receipt does not bear a date.

[2]The Court observes that Perkins did not request leave to file his second amended complaint. Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend his complaint once as a matter of course, but subsequent amendments must be "by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rather than objecting to the filing of Perkins' second amended complaint, Defendants responded on the merits. The Court interprets this response as consent to Perkins' filing of his

In his second amended complaint, Perkins charges a total of seven counts. Perkins alleges the first five counts under 42 U.S.C. § 1983: two against the City of Jacksonville Beach, and three against the individual Jacksonville Beach police officers. Perkins also brings two counts under state law: Count VI for battery, and Count VII for false imprisonment. Perkins charges that the city, acting through its agents, committed these torts against him. Alternatively, Perkins claims that the individual police officers committed the torts.

On December 22, 2006, Defendants filed a motion to dismiss. This motion attacks only Counts VI and VII, Perkins' state-law claims. Defendants raise two arguments. First, they assert Perkins cannot maintain his state-law claims because he failed to plead that he provided timely written notice of the claims before suing the city. Defendants' second argument applies only to Count VI, the battery count. Defendants submit that the city is shielded by sovereign immunity from liability for batteries committed by its employees. The Court addresses each argument in turn.

**II.  Standard**

On a motion to dismiss, a district court must accept as true all the allegations in the complaint and construe them in the light

---

second amended complaint. See Mooney v. City of New York, 219 F.3d 123, 127 n.2 (2d Cir. 2000) (interpreting plaintiff's response on merits of defendant's newly asserted affirmative defense as implied consent for defendant to file amended answer).

most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). A court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). The complaint may not be dismissed if the factual allegations, taken as true, suffice to "raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964–65 (2007) (concluding that complaint need not state "detailed factual allegations" but must state sufficient factual allegations to raise right to relief above speculative level). Thus, a complaint may be dismissed only if all the factual allegations, taken as true and construed in the light most favorable to the plaintiff, fail to raise a right to relief above the speculative level.

**III. Discussion**

    **A.  Failure to Provide Pre-Suit Notice of Claim**

Section 768.28(6)(a), Florida Statutes, provides that "[a]n action may not be instituted against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency and also . . . presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues . . . ." Fla. Stat. § 768.28(6)(a).

4

A complaint must allege compliance with this requirement, Menendez v. N. Broward Hosp. Dist., 537 So. 2d 89, 91 (Fla. 1988), but the allegation need only be general, Glace v. Lower Fla. Keys Hosp. Dist., 481 So. 2d 509, 509 (Fla. 1985). A complaint that fails to include such an allegation is subject to dismissal for failure to state a claim. Menendez, 537 So. 2d at 91. A complaint is subject to dismissal with prejudice if the three-year period has run and the plaintiff has not provided the required pre-suit notice. Levine v. Dade County Sch. Bd., 442 So. 2d 210, 213 (Fla. 1983) ("Where the time for [the required] notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice.").

In this case, Defendants do not argue that Perkins failed to provide the required pre-suit notice. (See Doc. # 13.) Instead, they argue that Perkins failed to allege in his initial complaint that he provided the required notice. (Doc. # 13, at 4.) Because Perkins waited until after the statute of limitations ran before he amended his complaint to include an allegation of notice, Defendants submit that Perkins' state-law claims must be dismissed with prejudice. (Doc. # 13, at 4-5, 7.) This argument is without merit. A complaint is not subject to dismissal with prejudice where the plaintiff complied with the pre-suit notice requirement but merely omitted to allege that fact. Instead, the plaintiff

5

should be given an opportunity to amend. An amended complaint relates back to the date of the original complaint so long as the amended complaint contains the same claims asserted in the original. As a result, it is immaterial that the statute of limitations ran before the filing of the amended complaint.

There are two requirements presently at issue. The first is the pre-suit notice requirement under section 768.28(6)(a). The second is the requirement that a complaint plead compliance with section 768.28(6)(a). Here, Perkins complied with the first requirement, but failed initially to meet the second requirement. A complaint may be dismissed with prejudice for failure to meet the second requirement only if it appears "conclusively" that the reason the plaintiff did not meet the second requirement is because the plaintiff has not met, and cannot meet, the first requirement. Hamide v. Fla. Dep't of Corrections, 548 So. 2d 877, 879 (Fla. 1st DCA 1989) (holding that trial court erred in dismissing complaint with prejudice for failure to allege pre-suit notice where "record . . . does not demonstrate conclusively that [the plaintiff] will be unable to allege timely notice"). In other words, a complaint may be dismissed with prejudice for failure to allege pre-suit notice only where it is certain that two conditions are present: (1) the plaintiff has not provided pre-suit notice, and (2) the plaintiff cannot provide timely pre-suit notice in the future. See id. In substance, then, it is the failure to meet the

6

first requirement that justifies dismissal with prejudice, not the failure to meet the second. Here, Perkins complied with the first requirement, and his second amended complaint complies with the second. As such, Perkins' state-law claims are not subject to dismissal with prejudice for failure of the second requirement.

Defendants confuse these two requirements. According to Defendants, a complaint may be dismissed with prejudice if the plaintiff fails to comply with the second requirement before the statute of limitations runs. This is not the law. A complaint may be dismissed with prejudice only where the plaintiff has failed timely to comply with the first requirement.[3] See id. Thus, if the plaintiff has not met the first requirement within the three-year statutory period, the complaint must be dismissed with prejudice. See Levine v. Dade County Sch. Bd., 442 So. 2d 210, 213 (Fla. 1983). A plaintiff who fails to comply with the second requirement, by contrast, should be given an opportunity to cure

---

[3]Indeed, this is what happened in the case cited by Defendants. See Smith ex rel. Ashley v. Brevard County, No. 6:06-cv-715, 2006 WL 2355583, at *8 (M.D. Fla. Aug. 14, 2006). In Smith, the plaintiff failed to provide pre-suit notice, as required by statute, prior to suing a medical provider for malpractice. Id. Because the statute of limitations had already run on the claim, it would have been impossible for the plaintiff to provide the required notice prior to filing suit. Id. Defendants cite Smith for the proposition that the failure to allege notice cannot be cured once the statute of limitations has run. (Doc. # 13, at 5.) This proposition is decidedly not supported by Smith. Instead, the Court in Smith merely applied the rule that a claim may be dismissed with prejudice where the plaintiff failed to provide the required pre-suit notice by the deadline.

the error by amendment. <u>Redner v. Citrus County</u>, 710 F. Supp. 318, 321 (M.D. Fla. 1989); <u>see also</u> <u>Hamide</u>, 548 So. 2d at 879. It is of no consequence if such a curative amendment is filed after the statute of limitations has run. Federal Rule of Civil Procedure 15(c) provides, "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Fed. R. Civ. P. 15(c). Thus, so long as the claim asserted in the amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original" complaint, the amended complaint relates back to the date the original complaint was filed.

In this case, Perkins filed the original complaint before the statute of limitations ran on his state-law claims. Though Perkins complied with the pre-suit notice requirement, his original complaint failed to allege that fact. Perkins corrected this omission by amendment apparently filed after the statute of limitations had run on his state-law claims. Perkins' second amended complaint contains only claims that arise out of the conduct, transaction, or occurrence set forth in his original complaint. As such, his second amended complaint relates back to the date of his original complaint. Thus, Perkins has effectively cured his original complaint's failure to plead compliance with

section 768.28(6)(a). Consequently, Perkins' state-law claims are not subject to dismissal for failure to allege compliance with section 768.28(6)(a).

**B.   Sovereign Immunity**

Under section 768.28(9)(a), Florida Statutes,

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). However, the individual officer, employee, or agent can be liable for such acts. Id.; McGhee v. Volusia County, 679 So. 2d 729, 729 (Fla. 1996). Defendants appear to argue that, because battery is an intentional tort, it is always either outside the scope of public employment or "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." (See Doc. # 13, at 6-7.) In other words, it is impossible for a government entity to be liable for battery. As such, the Defendants argue, Perkins' battery claim against the city must be dismissed.

This argument is clearly at odds with Florida law. In McGhee v. Volusia County, the Florida Supreme Court explained that the employer of a police officer can be liable for intentional misconduct by the officer. 679 So. 2d at 733 ("The fact that [an

9

officer] may have intentionally abused his office does not in itself shield the [employer] from liability."). "In any given situation either the [police] agency can be held liable under Florida law, or the employee, but not both." Id. Acts "that can be described as abuses of lawful power" are within the scope of an officer's employment unless they "are so extreme as to constitute a clearly unlawful usurpation of authority the [officer] does not rightfully possess, or if there is not even a pretense of a lawful right in the performance of the acts." Id. The officer's employer will be liable for such acts within the scope of employment unless the officer "acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or wilful disregard of human rights, safety, or property." Id. This last matter is a question for the fact-finder. Id.

In McGhee, the court addressed allegations that a sheriff's deputy had grabbed the plaintiff by the throat and kicked him. Id. at 730. The court concluded that such conduct was within the scope of the deputy's employment. Id. at 733. As such, there was a question for the fact-finder: whether the deputy committed the acts "in bad faith, with malicious purpose, or in a manner exhibiting wanton or wilful disregard of human rights, safety, or property." Id. Similarly, the Middle District of Florida recently considered allegations that a sheriff's deputy committed a battery. Taylor ex rel. Hitchcock v. Dean, No. 5:05-cv-397, 2007 WL 1469375, at *8-10

(M.D. Fla. May 17, 2007). The sheriff moved for summary judgment on the theory that the deputy's employer was entitled to sovereign immunity. Id. at *9. Citing McGhee, the court rejected that theory. Id. Instead, the court determined that the "jury must weigh the evidence and decide whether [the deputy] committed no wrongdoing, abused his lawful authority to make an arrest, or acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or wilful disregard of human rights, safety, or property." Id. at *10.

From McGhee and Taylor, it is clear that a police officer's employer is liable for the officer's intentional torts that constitute an abuse of official authority -- unless such torts were committed in bad faith, with malicious purpose, or in a manner exhibiting wanton or wilful disregard of human rights, safety, or property. Thus, only the fact-finder can determine whether sovereign immunity will shield the city from Perkins' battery claim.

**IV. Conclusion**

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 13) is hereby **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>21st</u> day of June 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record