UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM C. PERKINS, JR., an individual

    Plaintiff,

vs.                                                    Case No.  3:06-cv-486-J-33MCR

THE CITY OF JACKSONVILLE BEACH, etc.,
*et. al.*,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion for Protective Order/Motion to Quash Deposition Subpoena Duces Tecum Served on Cpl. A.M. Bennek (Doc. 21) filed August 1, 2007.  Defendants seek an Order quashing or modifying the "<u>duces</u> <u>tecum</u>" aspect of Bennek's subpoena and/or granting a protective order.  Evidently, the parties are engaged in discovery and Defendants agreed that Cpl. Bennek, a police officer with Defendant the City of Jacksonville Beach, would be deposed on August 2, 2007 at 5:00 p.m.   Plaintiff never served a notice of deposition on Cpl. Bennek, but on August 1, 2007 – one day before the scheduled deposition – Plaintiff issued a subpoena duces tecum commanding Cpl. Bennek to appear for a deposition at the previously agreed upon date and time; however, the subpoena also commanded Bennek to produce various documents from Defendants' Internal Affairs files. According to Defendants, this was the first notice they had received regarding Plaintiff's request for the production of these documents.  As such, Defendants contend

the subpoena is invalid because it fails to provide a reasonable amount of time for compliance and improperly commands a party opponent to produce documents in a manner inconsistent with Rule 34.

The Court directs counsel for Plaintiff to file a response to this Motion no later than **12:00 p.m., Thursday, August 2, 2007**.  In the meantime, the Court notes that Plaintiff's counsel's behavior does not appear to comport with the Middle District of Florida's expectation that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility" and that lawyers who practice in this district "shall reasonably attempt to accommodate the schedules of opposing lawyers, parties, and witnesses in scheduling discovery."  Middle District Discovery Handbook (2001) at 1.  Additionally, the Court notes that Fed. R. Civ. P. 45(c)((3)(A) requires the Court by which the subpoena was issued to quash or modify a subpoena if it fails to allow reasonable time for compliance or if it subjects a person to undue burden.  Additionally, Fed. R. Civ. P. 34(b) requires a party requesting the production of documents to provide a reasonable amount of time to the other party before inspection of such documents.  In fact, Rule 45 contemplates 30 days as the time required before a party must respond to a document request, albeit the Court may order, or the parties may agree upon, a shorter or longer time period.

Having said that, the Court strongly suggests that counsel for Plaintiff confer with counsel for Defendants in an attempt to work out a mutually agreeable time and date to produce the requested documents or to reschedule the deposition and production of documents.  If the parties are able to agree, counsel for Plaintiff should file a notice so

informing the Court no later than 12:00 p.m. Thursday, August 2, 2007 and the Court will deny the instant Motion as moot.  Otherwise, the Court will rule on the instant Motion shortly after 12:00 p.m. Thursday, August 2, 2007 and may impose sanctions against any party or attorney/representative who does not behave reasonably.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  2nd  day of August, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party